## Falls City Machinery & Wrecking Company v. Walter.

(Decided May 25, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1   Contracts.—Under contract providing for removal of building materials belonging to wrecking company located on lot in which no time was specified in which material was to be removed held that it was duty of company to remove material within reasonable time.

2.   Evidence.—In action for breach of contract providing for removal of building materials belonging to wrecking company, exclusion of testimony showing negotiations which led up to contract held proper, in absence of ambiguity in terms of contract.

3.   Evidence.—Where contract is ambiguous, and leaves intentions of parties doubtful, circumstances which surrounded parties at time may be inquired into, but, when language used in contract is not ambiguous, it does not require extrinsic evidence to explain its meaning.

4.   Contracts.—In action for breach of contract for removal of building materials belonging to wrecking company from lot, where clause of contract provided title to stone was vested in wrecking company, and there was no other stone on lot, held that failure to instruct jury that wrecking company was not obliged to remove foundations which were of stone was not error.

5.   Damages.—In action for breach of contract for removal of building materials from lot, where it was insisted that loss of rental contract with circus, occasioned by failure to remove materials, was not within contemplation of parties, held that, since wrecking company had ample notice of existence of rental contract, and agreed to remove materials from lot before it was to be used by circus, loss was within contemplation of parties.

6.   Contracts.—In action for breach of contract for failure to remove building materials from lot, evidence held to sustain verdict for plaintiff.

ARTHUR C. GUNTHER for appellant.

ALLEN P. DODD and J. L. ROBERTS for appellee.

Opinion of the Court by Judge Rees—Affirming.

The Falls City Machinery & Wrecking Company, hereinafter referred to as the company, is a corporation engaged in the business of buying and selling second-hand machinery, and buying and wrecking old buildings and disposing of the lumber, machinery, and building material therein.

In October, 1921, the company purchased three lots of ground on Broadway in Louisville, Ky., from the No. 1 Distillery Company. Located on this property were brick warehouses and other buildings. On April 4, 1922, the company and appellee, Lewis A. Walter, entered into an agreement whereby title to the property was to be taken jointly by the company and Walter, and the company was to wreck the buildings and sell the material, and Walter was to dispose of the real estate, the net proceeds to be divided equally between them. A dispute arose between the parties, and on June 4, 1923, they entered into an agreement to divide the property. Under this agreement Walter received one lot and the company two smaller lots, and all the material located on the three lots. The second clause of the contract of June 4, 1923, reads:

"The parcels of land, described above as Nos. 11 and 111 shall be deeded to the Falls City Machinery & Wrecking Company, and it shall assume and pay the second mortgage of $3,000 owing to Charles Chreste, in addition to which the Falls City Machinery & Wrecking Company is given hereby, all lumber, brick, stone, machinery, and materials of every kind and character now located on each of the three pieces of real estate described. Falls City Machinery & Wrecking Company shall pay interest due to date on Chreste loan and taxes and charges in tract No. 2 and 3 and improvements."

Claiming that the company failed to remove its material from appellee's lot within a reasonable time, appellee brought this action for damages which he alleged amounted to $1,850. On a trial of the case, the jury returned a verdict against the company for $600, and from the judgment entered thereon it has appealed.

According to Walter's testimony, he began to urge the company to remove the material from his lot shortly after the contract of June 4, 1923, was executed, and was

promised from time to time by its president, Max Gavronsky, that the material would be removed. In the spring of 1924 he entered into an agreement with the Boyd & Lindermann circus for the rental of his lot for twelve days, beginning April 14, 1924, the consideration being $250. At the time this contract was made, the company had not removed its material from Walter's lot, and he immediately notified it of the contract made with the owner of the circus, and the president of the company agreed to have the material removed at once in order that the lot could be used by the circus people. The company failed to remove the material, and the owner of the circus canceled the contract with Walter. Walter then removed the material at his own expense, which he claims amounted to more than $900.

The case was tried on the theory that it was the duty of the company to remove its material from the lot within a reasonable time after June 4, 1923, and that, as it failed to remove it within a reasonable time, Walter was entitled to damages in such sum as would fairly compensate him for the loss of the use of his property after a reasonable time after June 4, 1923, and until May 1, 1924, the date when the material was removed by him; and also the reasonable cost of removing such of the company's property as was removed by Walter and the loss of the rentals agreed to be paid by the owner of the circus—all of these questions being submitted to the jury.

It is first insisted for appellant that the trial court erred in overruling the demurrer to the petition, since the contract of June 4, 1923, is silent as to the removal of any part of the material then located on Walter's lot, and therefore it must be assumed the parties intended that the material was not to be removed until a purchaser was found. No time being specified in the contract for the removal of the material, it was the duty of the company to remove it within a reasonable time. Walter testified that he made repeated demands that the company remove its material from his lot, and that the company, through its president, promised and agreed to remove the materials on each occasion that a demand was made, thus recognizing the obligation asserted by Walter. The testimony of Walter is substantiated by that of the attorney who represented the company at the time the demands were being made. There is no substantial

denial that such demands and promises were made. Gavronsky, who was president of the company during all this time, did not testify. The secretary of the company was introduced as a witness, but he admits that he knew nothing about any conversations or correspondence that may have occurred between Gavronsky and Walter.

Appellant complains of the rulings of the trial court preventing the introduction of testimony tending to show the negotiations which led up to the contract of June 4, 1923, and thereby the intentions of the parties as gathered from such negotiations. Such testimony is only admissible where the language of the contract is ambiguous and leaves the intentions of the parties doubtful. Under such circumstances, in order to arrive at the intentions of the parties, the circumstances which surrounded the parties at the time may be inquired into, but the language used in the contract in question is not ambiguous, and does not require extrinsic evidence to explain its meaning. The only construction of which it is susceptible is that all the materials on Walter's lot belonged to appellant, and that appellant should remove its materials within a reasonable time.

Appellant also complains that the trial court erred in failing to instruct the jury that it was not appellant's duty to remove the foundations remaining on the land after the buildings had been wrecked and in refusing to sustain its motion for a peremptory instruction as to the $250 claim for damages, by reason of the fact that the Boyd & Lindermann circus did not use Walter's property. The foundations referred to were stone, and, by the second clause of the contract in question, title to the stone was vested in the appellant. This is clearly apparent, since there was no other stone on the lot. This stone, therefore, was a part of the material owned by appellant, and it was appellant's duty to remove it.

It is insisted that the damages resulting from the loss of the contract with the Boyd & Lindermann circus were not within the contemplation of the parties when the contract of June 4, 1923, was executed, but the testimony for appellee discloses that appellant had ample notice of the existence of the contract, and agreed to remove its material from appellee's lot before the lot was to be used by the circus company. A more serious objection to the instruction on this phase of the case, though this point is not stressed, is the probability that

the jury might feel warranted in assessing double damages for loss of the use of the property, but the verdict demonstrates they were not thus misled.

All other features of the case, including the duty of appellee to minimize his loss, were submitted to the jury in proper instructions, and the verdict is amply supported by the proof.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.